IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPVENTURE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SONY ELECTRONICS INC., SONY CORPORATION, SONY CORPORATION OF AMERICA, PANASONIC CORPORATION, AND PANASONIC CORPORATION OF NORTH AMERICA, <br><br> Defendants. | ) ) ) Civil Action No. _____ ) ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IpVenture, Inc. ("IpVenture") hereby pleads the following claims for patent infringement against Defendants Sony Electronics Inc., Sony Corporation, Sony Corporation of America, Panasonic Corporation, and Panasonic Corporation of North America alleges as follows:

### THE PARTIES

1. Plaintiff IpVenture, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 5150 El Camino Real, Building A, Suite 22, Los Altos, California 94022.

2. On information and belief, Sony Electronics Inc. is a Delaware corporation having its principal place of business at 16530 Via Esprillo, San Diego, CA 92127. Sony Electronics, Inc. is one of Sony Corporation's principal United States businesses. On information and belief, Sony Electronics Inc. conducts business throughout the United States and in this judicial district, including by selling and offering for sale Sony computer products. In this complaint, Sony Corporation, Sony Corporation of America and Sony Electronics Inc. are referred to as "Sony."

3. On information and belief, Sony Corporation is a corporation organized and existing under the laws of Japan with a principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Sony Corporation is a multinational company which, among other things, provides computers and related products and services worldwide. On information and belief, Sony Corporation conducts business throughout the United States and in this judicial district, personally and through its subsidiaries, Sony Corporation of America and Sony Electronics Inc, including by selling and offering for sale Sony computer products.

4. On information and belief, Defendant Sony Corporation of America is a New York corporation having its principal place of business at 550 Madison Avenue, New York, NY 10022. Sony Corporation of America is a subsidiary of Sony Corporation. On information and belief, Sony Corporation of America conducts business throughout the United States and in this judicial district, personally and through its subsidiary Sony Electronics Inc., including by selling and offering for sale Sony computer products.

5. On information and belief, Panasonic Corporation is a corporation organized and existing under the laws of Japan with a principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan. Panasonic Corporation is a multinational company which, among other things, provides computer products and services worldwide. On information and belief, Panasonic Corporation conducts business throughout the United States and in this judicial district, personally and through its wholly-owned subsidiary, Panasonic Corporation of North America, including by selling and offering for sale computer products.

6. On information and belief, Defendant Panasonic Corporation of North America is a corporation organized and existing under the laws of Delaware with its principal place of business at 1 Panasonic Way, Secaucus, NJ 07094. Panasonic Corporation of North America is the principal North American subsidiary of Panasonic Corporation and the hub of its branding, marketing, sales, service, product development and R&D operations in the U.S. and Canada. On information and belief, Panasonic Corporation of North America conducts business throughout the United States and in this judicial district, including by selling and offering for sale computer

products. In this complaint, Panasonic Corporation and Panasonic Corporation of North America are collectively referred to as "Panasonic."

## JURISDICTION AND VENUE

7. This is an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1338(a) and § 1331.

8. This Court has personal jurisdiction over Defendants Sony Electronics Inc., Sony Corporation, Sony Corporation of America, Panasonic Corporation, and Panasonic Corporation of North America (collectively "Defendants"). Among other reasons, Defendants have done business in this judicial District, have committed and continue to commit acts of patent infringement in this judicial district and have harmed and continue to harm IpVenture in this judicial district by, among other things, using, selling, and offering for sale infringing computer products and services, including Sony and Panasonic notebook computers, in this judicial district. In addition, Defendants Sony Electronics Inc. and Panasonic Corporation of North America are Delaware corporations and hence are organized and existing under the state laws of this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) because, among other reasons, Defendants Sony Electronics Inc., Sony Corporation, Sony Corporation of America, and Panasonic Corporation, and Panasonic Corporation of North America are subject to personal jurisdiction and have committed acts of infringement in this judicial district. In addition, Defendants Sony Electronics Inc. and Panasonic Corporation of North America are Delaware corporations and hence are organized and existing under the state laws of this judicial district. On information and belief, Defendants have sold and offered for sale infringing products in this judicial district.

## FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 6,216,235

10. IpVenture hereby incorporates the allegations of Paragraphs 1 through 9 as if fully set forth herein.

11. United States Patent No. 6,216,235 (the '235 patent), entitled "Thermal and Power Management for Computer Systems," was duly and legally issued on April 10, 2001. IpVenture is the owner by assignment of all right, title and interest in and to the '235 patent. A copy of the '235 patent is attached as Exhibit A.

12. IpVenture is informed and believes, and thereon alleges, that Sony has infringed and is currently infringing the '235 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Sony brand notebook computers, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Sony also has infringed and continues to infringe the '235 patent by actively inducing infringement and/or contributorily infringing the '235 patent. Sony is therefore liable to IpVenture under 35 U.S.C. § 271. On information and belief, Sony's infringement of the '235 patent is and continues to be willful and deliberate, entitling IpVenture to increased damages under 35 U.S.C. § 284. For example, on information and belief, by October 2005, Sony had actual knowledge of one or more patents in the same family as the '235 patent family.

13. IpVenture is informed and believes, and thereon alleges, that Defendant Panasonic has infringed and is currently infringing the '235 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Panasonic brand "Toughbook" notebook computers within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Panasonic also has infringed and continues to infringe the '235 patent by actively inducing infringement and/or contributorily infringing the '235 patent. Panasonic is therefore liable to IpVenture under 35 U.S.C. § 271.

14. Defendants' acts of infringement have caused damage to IpVenture, and IpVenture is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount yet to be determined and subject to proof at trial.

15. Unless enjoined, Defendants' infringement of IpVenture's rights under the '235 patent will continue to damage IpVenture, causing IpVenture irreparable injury as a direct and proximate result of Defendants' conduct.

## SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 6,487,668

16. IpVenture hereby incorporates the allegations of Paragraphs 1 through 9 as if fully set forth herein.

17. United States Patent No. 6,487,668 (the '668 patent), entitled "Thermal and Power Management to Computer Systems," was duly and legally issued on November 26, 2002. IpVenture is the owner by assignment of all right, title and interest in and to the '668 patent. A copy of the '668 patent is attached as Exhibit B.

18. IpVenture is informed and believes, and thereon alleges, that Sony has infringed and is currently infringing the '668 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Sony brand notebook computers, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Sony also has infringed and continues to infringe the '668 patent by actively inducing infringement and/or contributorily infringing the '668 patent. Sony is therefore liable to IpVenture under 35 U.S.C. § 271. On information and belief, Sony's infringement of the '668 patent is and continues to be willful and deliberate, entitling IpVenture to increased damages under 35 U.S.C. § 284. For example, on information and belief, by October 2005, Sony had actual knowledge of one or more patents in the same family as the '668 patent.

19. IpVenture is informed and believes, and thereon alleges, that Defendant Panasonic has infringed and is currently infringing the '668 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Panasonic brand "Toughbook" notebook computers, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Panasonic also has infringed and continues to infringe the '668 patent by actively inducing infringement and/or

contributorily infringing the '668 patent. Panasonic is therefore liable to IpVenture under 35 U.S.C. § 271.

20. Defendants' acts of infringement have caused damage to IpVenture, and IpVenture is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount yet to be determined and subject to proof at trial.

21. Unless enjoined, Defendants' infringement of IpVenture's rights under the '668 patent will continue to damage IpVenture, causing IpVenture irreparable injury as a direct and proximate result of Defendants' conduct.

### THIRD CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
#### Infringement of U.S. Patent No. 7,167,993

22. IpVenture hereby incorporates the allegations of Paragraphs 1 through 9 as if fully set forth herein.

23. United States Patent No. 7,167,993 (the '993 patent), entitled "Thermal and Power Management For Computer Systems," was duly and legally issued on January 23, 2007. IpVenture is the owner by assignment of all right, title and interest in and to the '993 patent. A copy of the '993 patent is attached as Exhibit C.

24. IpVenture is informed and believes, and thereon alleges, that Sony has infringed and is currently infringing the '993 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Sony brand notebook computers, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Sony also has infringed and continues to infringe the '993 patent by actively inducing infringement and/or contributorily infringing the '993 patent. Sony is therefore liable to IpVenture under 35 U.S.C. § 271. On information and belief, Sony's infringement of the '993 patent is and continues to be willful and deliberate, entitling IpVenture to increased damages under 35 U.S.C. § 284. For example, on information and belief, by October 2005, Sony had actual knowledge of one or more patents in the same family as the '993 patent.

25. IpVenture is informed and believes, and thereon alleges, that Defendant Panasonic has infringed and is currently infringing the '993 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Panasonic brand "Toughbook" notebook computers within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Panasonic also has infringed and continues to infringe the '993 patent by actively inducing infringement and/or contributorily infringing the '993 patent. Panasonic is therefore liable to IpVenture under 35 U.S.C. § 271.

26. Defendants' acts of infringement have caused damage to IpVenture, and IpVenture is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount yet to be determined and subject to proof at trial.

27. Unless enjoined, Defendants' infringement of IpVenture's rights under the '993 patent will continue to damage IpVenture, causing IpVenture irreparable injury as a direct and proximate result of Defendants' conduct.

## FOURTH CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### Infringement of U.S. Patent No. 7,293,186

28. IpVenture hereby incorporates the allegations of Paragraphs 1 through 9 as if fully set forth herein.

29. United States Patent No. 7,293,186 (the '186 patent), entitled "Thermal and Power Management for Computer Systems," was duly and legally issued on November 6, 2007. IpVenture is the owner by assignment of all right, title and interest in and to the '186 patent. A copy of the '186 patent is attached as Exhibit D.

30. IpVenture is informed and believes, and thereon alleges, that Sony has infringed and is currently infringing the '186 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Sony brand notebook computers, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Sony also has infringed and continues to infringe the '186 patent by actively inducing infringement and/or contributorily infringing the '186 patent. Sony is

therefore liable to IpVenture under 35 U.S.C. § 271. On information and belief, Sony's infringement of the '186 patent is and continues to be willful and deliberate, entitling IpVenture to increased damages under 35 U.S.C. § 284. For example, on information and belief, as of October 2005, Sony had actual knowledge of one or more patents in the same family as the '186 patent.

31. IpVenture is informed and believes, and thereon alleges, that Defendant Panasonic has infringed and is currently infringing the '186 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing computers, including Panasonic brand "Toughbook" notebook computers, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Panasonic also has infringed and continues to infringe the '186 patent by actively inducing infringement and/or contributorily infringing the '186 patent. Panasonic is therefore liable to IpVenture under 35 U.S.C. § 271.

32. Defendants' acts of infringement have caused damage to IpVenture, and IpVenture is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount yet to be determined and subject to proof at trial.

33. Unless enjoined, Defendants' infringement of IpVenture's rights under the '186 patent will continue to damage IpVenture, causing IpVenture irreparable injury as a direct and proximate result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, IpVenture prays for the entry of judgment in favor of IpVenture as follows:

A. That Defendants have infringed, induced others to infringe, and/or committed acts of contributory infringement of one or more claims of the '235, '668, '993, and '186 patents (the "Patents-In-Suit");

B. That Defendants, and their affiliates, subsidiaries, directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of them

be preliminarily and permanently enjoined from further acts of infringement, inducing infringement, or contributory infringement of the Patents-In-Suit;

C. That Defendants pay IpVenture damages in an amount adequate to compensate IpVenture for Defendants' infringement of the Patents-In-Suit, but in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

D. That Defendants be ordered to provide an accounting;

E. That Defendants be ordered to pay supplemental damages to IpVenture, including without limitation interest;

F. That the infringement be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

G. That this be adjudged an exceptional case and that IpVenture be awarded its attorneys' fees pursuant to 35 U.S.C. § 285;

H. That Defendants be required to pay pre- and post-judgment interest on the damages assessed; and

I. That IpVenture be awarded such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

IpVenture hereby demands a trial by jury on all issues so triable.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Morgan Chu | |
| Richard M. Birnholz | By: *(signed)* |
| Babak Redjaian | Philip A. Rovner (#3215) |
| Peter E. Gratzinger | 1313 North Market Street |
| IRELL & MANELLA LLP | Wilmington, Delaware 19801 |
| 1800 Avenue of the Stars | (302) 984-6000 |
| Suite 900 | provner@potteranderson.com |
| Los Angeles, CA 90067-4276 | |
| (310) 277-1010 | *Attorneys for Plaintiff IpVenture, Inc.* |

July 8, 2009

923907